**The document below is hereby signed.**

**Dated: November 21, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                 UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
SCOTT ALLAN BENNETT,           )   Case No. 12-00755
                               )   (Chapter 7)
          Debtor.              )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING REQUEST
FOR TEMPORARY WAIVER OF THE PREPETITION CREDIT
<u>COUNSELING REQUIREMENT BASED UPON EXIGENT CIRCUMSTANCES</u>

The debtor has filed an application for temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) due to exigent circumstances.  In support of his request, the debtor states as follows:

> I am currently incarcerated . . . and am unable to participate in any counseling services and am in immediate need of filing bankruptcy.

For reasons explained in more detail below, the court will deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling

and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).  Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

    The difficulty of obtaining credit counseling while incarcerated is an issue to be taken up by the debtor with the prison authorities, not with this court.  *See In re McBride*, 354 B.R. 95, 98 (Bankr. D.S.C. 2006) (denying incarcerated debtor's request for exigent circumstances waiver and noting that "[t]he assertion of his incarceration has no bearing on the exigency of [the debtor's] need to file a petition for bankruptcy nor as it relates to the need for credit counseling as a prerequisite for

filing."). The debtor does not contend that he requested counseling from an approved credit counseling agency prior to the filing of the petition, and accordingly, he has not complied with the statute. The court having determined that the debtor is not eligible for a temporary waiver under 11 U.S.C. § 109(h)(3), it is

ORDERED that the debtor's application for a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances is DENIED.

                                                [Signed and dated above.]

Copies to: Debtor; Recipients of e-notification.