**The document below is hereby signed.**

**Dated: November 21, 2012.**



/s/ S. Martin Teel, Jr.
_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
SCOTT ALLAN BENNETT,          )   Case No. 12-00755
                              )   (Chapter 7)
              Debtor.         )   Not for Publication in
                              )   West's Bankruptcy Reporter

            MEMORANDUM DECISION AND ORDER
       DENYING REQUEST FOR COURT-APPOINTED ATTORNEY
```

The debtor has asked the court to assign the debtor a court-appointed attorney to help him finalize his bankruptcy forms. First, the court notes that the debtor does not have a constitutional right to the appointment of counsel in this bankruptcy case.  As observed in *In re Fitzgerald*,

> Generally, a civil litigant has no constitutional right to the appointment of counsel. An indigent has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.  Here, debtor is presently incarcerated, and debtor's freedom or physical liberty is not affected by these bankruptcy proceedings. There is no constitutional right to obtain a discharge in bankruptcy, and bankruptcy is not a fundamental right. Thus, debtor clearly has no constitutional right to court-appointed counsel.

167 B.R. 689, 691 (Bankr. N.D. GA. 1994) (internal citations omitted).

In accordance with Local Bankruptcy Rule 2090-4, this court does occasionally appoint counsel to assist debtors who cannot afford to hire an attorney.  Such appointments, however, are generally limited to cases in which the debtor is a party to an adversary proceeding or a contested matter, with the court taking into consideration the nature and complexity of the action, the potential merit of the debtor's claims or defenses, and the degree to which the interests of justice would be served by the appointment of counsel.  *See* LBR 2090-4.  The debtor here seeks assistance with the filing of his case, a challenge faced by all *pro se* debtors and as to which the court rarely if ever appoints counsel to assist the debtor.  This case does not present unique circumstances warranting a departure from that practice.  Moreover, the court having determined that the debtor is not eligible to be a debtor in bankruptcy under 11 U.S.C. § 109(h), this case is being dismissed by an order of this same date.  It is thus

ORDERED that the debtor's request for appointment of counsel is DENIED.

[Signed and dated above.]


Copies to: Debtor; Recipients of e-notification.

2