**The document below is hereby signed.**

**Dated: December 30, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
SCOTT ALLAN BENNETT,           )     Case No. 12-00755
                               )     (Chapter 7)
              Debtor.          )     Not for publication in
                               )     West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER RE
DEBTOR'S MOTION TO REVERSE ORDER OF DISMISSAL

The debtor has filed a *Motion to Reverse Order of Dismissal and Reinstate Case Due to Clerical Error*. The court dismissed the debtor's case because he did not obtain prepetition credit counseling as required by 11 U.S.C. § 109(h), and the court denied the debtor's request for a temporary waiver of the prepetition credit counseling requirement pursuant to 11 U.S.C. § 109(h)(3)(A). *See Order of Dismissal* (Dkt. No. 25).

To the extent this motion can be construed as a motion to reconsider the court's order dismissing the case, pursuant to Federal Rule of Bankruptcy Procedure 9023, the motion must be denied as untimely. A motion to reconsider under Rule 9023 must

1

be filed within 14 days after entry of the order.  Instead, the court will treat the motion as a motion under Federal Rule of Bankruptcy Procedure 9024 (which incorporates Federal Rule of Civil Procedure 60 into bankruptcy proceedings), for relief from a final judgment or order.

I

Bennett alleges that the *Order of Dismissal* was erroneously entered because he has not received any of the filings in this case.  The motion asserts that because Bennett is currently incarcerated, he "has not received any communications from the Court or any related parties to these bankruptcy matters since filing paperwork.  Scott Bennett has **NOT BEEN NOTIFIED** about anything."  Bennett alleges that he "has been thereby prevented from receiving and responding to any instructions, requests, or decisions issued by the Court."  He alleges that he has not received a copy of the docket or any notice concerning his request to have an attorney appointed to represent him in this case.  He asserts that he has not received any communication from the chapter 7 trustee or the U.S. Trustee.  With respect to the prepetition credit counseling requirement, Bennett asserts:

> 9. Mr. Bennett has communicated to the Court in his initial bankruptcy filing that he is unable to participate in the required financial counseling due to his current military related matters, and has therefore requested a waiver.  However Mr. Bennett has not received any notice from the Court regarding this issue either.

  10. Scott Bennett, debtor, requests that his "incapacity by incarceration" be defined as according with 11 U.S.C. § 109(h) and thereby allow debtor Scott Bennett to waive personal financial management course, as this requirement creates an unsurmountable burden for debtor, effectively denying him his rights under the law to file for bankruptcy Chapter 7.

II

Under Rule 60, the court may relieve a party from a final order for:(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason that justifies relief.

Bennett has not shown mistake, inadvertence, surprise, or excusable neglect, such that he should be relieved from the *Order of Dismissal* under Rule 60(b). It is the debtor's responsibility to ensure that the court's record reflects the debtor's correct address. *See* Fed. R. Bankr. P. 4002(a)(5) (one of the debtor's duties is to "file a statement of any change of the debtor's address."). Bennett did not file the *Notice of Change of Address* (Dkt. No. 31) until December 14, 2012, the same day he filed the motion at issue here, and after this court issued the order dismissing the case. Up until December 14,

2012, the debtor's address of record was 1311 Delaware Ave SW, S-634, Washington, D.C., 20024, and that is where the clerk mailed copies of any court orders and filings.[1]

In any event, the debtor has not shown that this is a proper bankruptcy case that should be allowed to continue.  The case was dismissed because the debtor is not eligible to be a debtor in bankruptcy as he has not complied with 11 U.S.C. § 109(h); the case was not dismissed because Bennett failed to respond to a court order or other filing of which he alleges he had no notice.

### III

Bennett has not shown that he is entitled to relief from the order dismissing this case based on mistake, nor has he shown any other ground for relief from the *Order of Dismissal* pursuant to Rule 60 of the Federal Rules of Civil Procedure. For these reasons, it is

---

[1] Exhibit 1 to Bennett's motion purports to be a copy of the Exhibit D Bennett filed in this case.  However, the Exhibit D attached to his motion adds the following language which **was not included** in the Exhibit D filed by Bennett at Dkt. No. 4 in this case: "Please send any communication to me at this address only: Scott Bennett, Fed. No. 29418-016, FCI Schuylkill, Camp 2, P.O. Box 670, Minersville, PA 17954-0670.  ***DO NOT SEND MATERIALS TO home: 1311 Delaware Ave, SW, S-634, 20024."

ORDERED that the debtor's *Motion to Reverse Order of Dismissal and Reinstate Case Due to Clerical Error* (Dkt. No. 33) is DENIED.

                                            [Signed and dated above.]
Copies to: Debtor; Recipients of e-notification of orders.